# IN THE COURT OF APPEALS OF IOWA

No. 15-0300
Filed August 5, 2015

IN THE INTEREST OF Y.P. and A.P.,
       Minor Children,

T.D., Mother,
       Appellant.
_____

Appeal from the Iowa District Court for Polk County, Rachel E. Seymour, District Associate Judge.


A mother appeals from a juvenile court order denying her request for an additional six months of services, changing the permanency goal to long-term transfer of custody to the father, and transferring custody to the children's father. **AFFIRMED.**


Aaron H.R. Ginkens of Ginkins Law Firm, P.L.C., West Des Moines, for appellant.

Thomas J. Miller, Attorney General, Bruce Kempkes, Assistant Attorney General, John P. Sarcone, County Attorney, and Christina Gonzalez, Assistant County Attorney, for appellee.

Agnes G. Warutere of Warutere Law Office, Ankeny, for father.

ConGarry Williams of State Public Defender Office, Des Moines, attorney and guardian ad litem for minor children.

Considered by Doyle, P.J., and Tabor and Mullins, JJ.

**MULLINS, J.**

A mother appeals from a juvenile court order denying her request for an additional six months of services, changing the permanency goal of reunification with her, and transferring custody to the children's father. She contends the juvenile court should have given her another six months to utilize services and argues transferring custody and changing the permanency goal is not in the best interest of the children. We affirm.

## I.    BACKGROUND FACTS AND PROCEEDINGS.

The mother's two children, Y.P., born in 2009, and A.P., born in 2011, were removed from the mother's care on January 27, 2014. The children were adjudicated children in need of assistance (CINA) under Iowa Code section 232.2(6)(c)(2) and (n) (2013) for concerns regarding the mother's substance abuse issues and mental health issues. The mother was encouraged to take advantage of a variety of services for mental health and substance abuse, including the House of Mercy residential program. The children were returned to the mother in June 2014 on the contingency she reside at House of Mercy and continue services there. The children were removed again in July 2014 because the mother discontinued substance abuse treatments and failed to appear for a hearing. At that time she requested placement of the children with the father.

The children were placed in foster care, as the father resides in California and his home study had not yet been approved. Family reunification services continued, but the mother did not consistently participate. The mother started to take services more seriously in October 2014, and completed a substance abuse

treatment program. At the time of the adjudication hearing, the mother still did not have a suitable place for the children to live and was involved in an intimate relationship with Cornelius Moore, a man with a significant criminal history including assaults, willful injury, probation violations, and domestic assault charges, as well as a founded child protective assessment for sexual abuse.

The father has developed a relationship with his children since the start of this case. The father has engaged in regular video calls with the children, has always participated in services, and has continually requested custody of the children. Subsequent to the adjudication determination, the father was approved through the Interstate Compact on the Placement of Children (ICPC) as a suitable placement option for the children.

## II. STANDARD OF REVIEW.

Juvenile court permanency orders are reviewed de novo. *In re N.M.*, 528 N.W.2d 94, 96 (Iowa 1995). "We have a duty to examine the entire record and adjudicate anew rights on the issues properly presented." *In re A.S.T.*, 508 N.W.2d 735, 737 (Iowa Ct. App. 1993). "We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses, but are not bound by them." *Id.*

## III. ANALYSIS.

On appeal, the mother contends permanency should have been delayed an additional six months and argues transferring custody to the father is not in the best interest of the children.

At a permanency hearing, the court has authority to continue placement of the child for an additional six months. Section 232.104(2)(b) requires the court to find the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period in order to grant the parent more time. The mother has not consistently engaged in services required of her throughout the time her children were removed but resumed services in October, three months after the second removal of her children and ten months from when her children were first removed.

The most concerning factor for the juvenile court in returning the children to the mother's care is mother's relationship with Moore. The mother had lived with Moore's mother and, at the time of the permanency order, was engaged and planned to marry Moore when he got out of prison. Moore's criminal history, especially his assaults and founded child protective assessment for sexual abuse, were troubling to the juvenile court and are troubling to us. The mother has been made aware her relationship with Moore poses a threat to her children and is a barrier to having her children returned to her care but has continued to engage in this relationship despite the risks.[1] The mother's lack of progress in services and her plans to marry Moore demonstrated the need for removal will still exist six months from the date of the permanency hearing. The juvenile court properly denied the mother's request for additional time.

---

[1] Our courts have recognized a parent's relationship with a dangerous partner can be grounds for removal and termination. *See, e.g.*, *In re A.H.*, No. 10-0656, 2010 WL 2757371, at *3 (Iowa Ct. App. July 14, 2010); *In re D.R.*, No. 06-1931, 2007 WL 754262, at *1 (Iowa Ct. App. Mar. 14, 2007).

The mother next argues the transfer of custody to the father and the change in permanency goal is not in the best interest of the children. In assessing the best interest of the child, "[t]he primary considerations are 'the child's safety,' 'the best placement for furthering the long-term nurturing and growth of the child,' and 'the physical, mental, and emotional condition and needs of the child.'" *In re P.L.*, 778 N.W.2d 33, 37 (Iowa 2010) (quoting Iowa Code § 232.116(2)). We consider that the mother has only recently engaged in services required of her, the mother does not have a place for the children to live with her, and the mother continues to engage in a relationship that is potentially harmful to the children, with plans to make the relationship permanent. The father has consistently requested custody, has fulfilled all requirements to get custody, and has shown he can provide a loving and stable environment for the children. Placing the children with the father furthers their safety, their long-term nurturing and growth, and their physical, mental, and emotional needs. The court found convincing evidence of all of the elements of section 232.104(3),[2] and had the authority to transfer sole custody from one parent to the other parent under section 232.104(2)(d)(2). Section 232.99(4) requires the court to make the least restrictive disposition appropriate. Section 232.102 lists transfer of legal custody

---

[2] Under 232.104, the juvenile court may, after a permanency hearing transfer custody of a child from one parent to the other. Iowa Code § 232.104(2)(d)(2). In order to do so, the court must make the following three findings:

      a. A termination of the parent-child relationship would not be in the best interest of the child.

      b. Services were offered to the child's family to correct the situation which led to the child's removal from the home.

      c. The child cannot be returned to the child's home.

*Id.* § 232.104(3)(a)-(c)

to a parent who does not have physical care of the child as the least restrictive option. The juvenile court's decision to grant the father custody and to change the permanency goal is affirmed.

**IV.    CONCLUSION.**

We affirm the juvenile court's decision to deny the mother an additional six months, to grant custody to the father, and to modify the permanency goal.

**AFFIRMED.**